IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **KEVAN FRANCIS, et al.,** | **MEMORANDUM DECISION AND ORDER** |
| Plaintiffs, | |
| v. | **Case No. 2:08cv244** |
| **UNITED STATES OF AMERICA, et al.,** | **District Judge Dale A. Kimball** |
| Defendants. | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Kevan Francis, et al.'s (collectively, "Plaintiffs") motion to compel production of certain employment records of Carolyn Stencil-Gosse ("Ms. Stencil-Gosse") and the testimony of Ms. Stencil-Gosse's supervisor, Timothy F. Clark ("Mr. Clark").[2] The United States of America, et al. (collectively, "Defendants") oppose the motion because the requested information is governed by a settlement agreement between Ms. Stencil-Gosse and Defendants. On January 22, 2010, the court ordered an *in camera* review of the information sought by Plaintiffs to aid the court in ruling on

---

[1] *See* docket no. 30.

[2] *See* docket no. 31.

Plaintiff's motion.[3]  After reviewing the documents at issue and the memoranda submitted by the parties, the court **GRANTS** Plaintiffs' motion to compel.

Under rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  The rule further states that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  "[A]t the discovery stage, the concept of relevance should be construed very broadly."  *Gohler v. Wood*, 162 F.R.D. 691, 695 (D. Utah 1995).  Nevertheless, "the [United States] Supreme Court has underscored that 'the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery [to protect] "a party or person from annoyance, embarrassment, [or] oppression."'"  *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008) (quoting *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (quoting Fed. R. Civ. P. 26(b)(1), (c)(1))).

While the court has determined that the documents and testimony are relevant under rule 26(b)(1), because of the sensitive nature of the records, a protective order must be entered before the documents are disclosed or the deposition of Mr. Clark is resumed.  Therefore, the court **ORDERS** the parties to meet and confer within fourteen (14) days of the instant order in an attempt to stipulate to a proposed protective order to be entered by the court.  If attempts to reach agreement on such an order are successful, the parties should file a stipulated motion for entry of

---

[3] *See* docket no. 33.

the order, which the court will readily grant. If, however, attempts to stipulate are unsuccessful, within twenty-one (21) days of the instant order, the parties shall bring the issue to the court by way of an appropriate motion, which will include submission of each party's proposed protective order. Upon receipt of the motion and the parties' respective proposed orders, the court will resolve the issue.

**IT IS SO ORDERED.**

DATED this 4th day of February, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge