# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **KEVAN FRANCIS, et al.,** | **MEMORANDUM DECISION AND ORDER** |
| Plaintiffs, | |
| v. | **Case No. 2:08cv244** |
| **UNITED STATES OF AMERICA, et al.,** | **District Judge Dale A. Kimball** |
| Defendants. | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dale A. Kimball pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Kevan Francis, et al. (collectively, "Plaintiffs") and the United States of America, et al.'s (collectively, "Defendants") joint motion for a protective order.[2] On February 4, 2010, the court granted Plaintiffs' motion to compel production of certain employment records of Carolyn Stencil-Gosse ("Ms. Stencil-Gosse") and the testimony of Ms. Stencil-Gosse's supervisor, Timothy F. Clark ("Mr. Clark").[3] Due to the sensitive nature of the documents, the court also ordered that a protective order be entered before the documents are disclosed or the deposition of Mr. Clark is resumed.

---

[1] *See* docket no. 30.

[2] *See* docket no. 37.

[3] *See* docket no. 36.

The parties have attempted to stipulate to a proposed protective order but have been unable to come to an agreement. The area of disagreement is as follows.

Plaintiffs' position is that the documents and testimony regarding the documents should be protected from public disclosure only until the time that the case goes to trial. At that time, Plaintiffs intend to introduce the documents and testimony concerning the documents and wish to
do so publicly, without any limitation. Defendants' position is that the documents and testimony regarding the documents should be protected from public disclosure at all times, including trial. Defendants' position would allow Plaintiffs to seek admission of the documents and testimony regarding the documents at trial, but would require that it be done subject to the protective order.

The court concludes that (assuming the documents and testimony are deemed admissible at trial by Judge Kimball) adopting Defendants' position at this time would essentially require this court to make the determination to seal portions of the trial. It is not the role of a magistrate judge to make that kind of determination for a district judge, unless specifically called upon to do so. While the court agrees that the employment records of Ms. Stencil-Gosse are sensitive and should be protected from public disclosure, it is willing to protect them from that disclosure only until the time of trial. If this case proceeds to trial, Defendants may bring an appropriate pretrial motion that seeks to protect the documents and testimony from public disclosure at trial, to be determined by Judge Kimball at that time.

Based on the foregoing, the court **GRANTS** the joint motion for a protective order and hereby adopts Plaintiffs' proposed protective order. This order shall be in effect until the time of

trial or until such time as the court rules otherwise.  The court will enter Plaintiffs' proposed order upon entry of the instant order.

**IT IS SO ORDERED.**

DATED this 2nd day of March, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge