IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KEVAN FRANCIS and REBECCA IVES, Individually, the Natural Parents of S.I., Deceased; TIM MULVEY and REBECCA IVES, Individually and on Behalf of their Minor Child, J.M., <br><br>  Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, USDA FOREST SERVICE, and JOHN DOES I-X, <br><br>  Defendants. | ORDER <br><br> Case No. 2:08cv244DAK |

This matter is before the court on Plaintiffs' Motion for Summary Judgment on Liability and on Defendants' Motion to Strike. A hearing on the motion was held on October 28, 2010. At the hearing, the United States was represented by Amy J. Oliver and Jeffrey E. Nelson. Plaintiffs were represented by Allen K. Young, Tyler S. Young, and Sarah H. Young. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the motions under advisement, the court has further considered the law and facts relating to the motions. Now being fully advised, the court renders the following Order.

Plaintiff has moved for summary judgment on liability against the United States.[1] Plaintiffs' motion is based on the alleged failure of a federal law enforcement officer to communicate the information she received about the earlier bear attack to the appropriate federal officials. As explained below, however, the court cannot grant summary judgment on liability.

For the reasons stated by Defendants in their Memorandum in Opposition, genuine issues of material fact exist that must be resolved by a finder of fact, which, in this case, will be the court after a bench trial in this matter. Plaintiffs rely heavily on the supervisor's testimony that his employee's conduct did not allow the forest service to adequately notify the public of the possible danger and that she was negligent in failing to report the bear attack to him. However, the determination by a supervisory federal law enforcement officer that his employee was "negligent" in failing to communicate this information does not supplant the role of the fact finder in deciding whether the United States was negligent. After considering the testimony of witnesses from both sides and assessing the credibility of the various witnesses, the court, as the finder of fact in this case, must determine whether the federal law enforcement officer breached a duty and whether such a breach proximately caused the injuries at issue in this case.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment on Liability [Docket No. 41] is DENIED, and the United States of America's Motion to Strike

---

[1] Plaintiffs acknowledge that issues of damages and allocation of fault will have to go to trial in any event.

[Docket No. 44] is MOOT because the court has not relied on these documents. As reflected in the court Docket, the six-day bench trial in this matter has been rescheduled to begin on Monday, February 7, 2011, and the final pretrial conference has been set for Tuesday, January 25, 2011 at 2:30 p.m.

DATED this 17th day of December, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge